## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: WRIGHT & FILIPPIS, LLC DATA SECURITY BREACH LITIGATION | Case No.: 2:22-cv-12908-SFC<br><br>Hon. Sean F. Cox<br><br><br>**CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' UNOPPOSED MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23(e)(2) ("Rule 23"), Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court for final approval of the class action Settlement[1] that this Court preliminarily approved on January 4, 2024 (ECF No. 43):

Plaintiffs respectfully request this Court:

1. Grant final certification of the Settlement Class for settlement purposes pursuant to Rule 23(a) and (b)(3);

2. Finally appoint Plaintiffs Chiquita Braggs, Scott Hamilton, Diane Huff, Shawn Kolka, and Craig Mejia as Class Representatives;

3. Finally appoint The Miller Law Firm, P.C. as Chair of Settlement Class Counsel and Migliaccio & Rathod LLP, Shub & Johns LLP, and Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel;

4. Find that the Notice met the requirements of Rule 23(c)(2)(B);

5. Find that the terms of the Settlement Agreement are fair, reasonable, and adequate and are approved, adopted, and incorporated by the Court;

---

[1] Unless otherwise indicated, capitalized terms used in this Motion and Brief in Support have the same meanings as in the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit 1 to the Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Exhibit A to the Brief in Support.

6.   Direct the Parties, their respective attorneys, and the Claims and Settlement Administrator to consummate the Settlement in accordance with the [Proposed] Final Judgment Approving Class Action Settlement ("[Proposed] Final Judgment") and terms of the Settlement Agreement; and

7.   Resolve all claims as to all Parties and Class Members in this action and issue the [Proposed] Final Judgment.

This Motion is based on: (1) this Motion; (2) the Brief in Support filed herewith; (3) the Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, attached as Exhibit A to the Brief in Support; (4) the Settlement Agreement and accompanying Exhibits (Exhibit 1 to the Miller Declaration); (5) the Declaration of Cameron R. Azari. Esq. on Implementation and Adequacy of Settlement Notice Plan by the court-appointed Settlement Administrator, Epiq, attached as Exhibit B to the Brief in Support; (6) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Brief in Support, and Supporting Declarations (ECF Nos. 40, 40-2, and 40-3); (7) all other pleadings and papers on file in this action; and (8) any oral argument that may be heard by this Court at or prior to the Final Approval Hearing currently scheduled for May 30, 2024 at 3:00 p.m.

The undersigned counsel certifies that counsel communicated with opposing counsel, via email starting on May 9, 2024, explaining the nature of the relief to be sought by way of this Motion and seeking concurrence in the relief; and, on May 14, 2024, Defendant's Counsel indicated that Defendant concurs that the motion for final approval should be granted.

For the reasons set forth in Plaintiffs' Brief in Support of their Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant final approval to the Class Action Settlement and enter final judgment.[2]

|  | Respectfully Submitted: |
|---|---|
| Dated: May 16, 2024 | **THE MILLER LAW FIRM, P.C.** |

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
950 West University Drive
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

*Chair of Settlement Class Counsel*

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H. Street NE, Ste. 302
Washington, D.C. 20002

---

[2] *See* ECF No. 40-2, PageID.2390-92 (Exhibit C to the Settlement Agreement).

3

Tel: (202) 470-3520
nmiglaccio@classlawdc.com
jrathod@classlawdc.com

Benjamin F. Johns
Samantha Holbrook
**SHUB & JOHNS LLP**
Four Tower Bridge
200 Barr Harbor Drive, Ste. 400
Conshohocken, PA 19428
Tel: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 429-2290
gklinger@milberg.com

*Settlement Class Counsel*

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, PC**
One Towne Square, Suite 900
Southfield, MI 48076
T: (248) 355-0300
kstoops@sommerspc.com

**LYNCH CARPENTER LLP**
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 253-6307
gary@lcllp.com

Adam G. Taub (P48703)
**ADAM TAUB ASSOC.**
**CONSUMER LAW GROUP**
17200 W. Ten Mile Road, Suite 200
Southfield, MI 48075
T: (248) 746-3790
adamgtaub@clgplc.net

**MASON LLP**
Gary E. Mason
Danielle Lynn Perry
5101 Wisconsin Avenue NW, Ste 305
Washington, DC 20016
T: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

Edmund S. Aronowitz (P81474)
**ARONOWITZ LAW FIRM PLLC**
220 S. Main St, Suite 305
Royal Oak, MI 48067
T: (248) 716-5421
edmund@aronowitzlawfirm.com

**WILSHIRE LAW FIRM PLC**
Thiago Coelho
Jonas P. Mann
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
T: (213) 381-9988
thiago@wilshirelawfirm.com
jmann@wilshirelawfirm.com

Caleb Marker (MI Bar No. P70963)
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
T: (877) 500-8780
caleb.marker@zimmreed.com

5

Brian C. Gudmundson*
Jason P. Johnston*
Michael J. Laird*
Rachel K. Tack*
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
T: (612) 341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Christopher D. Jennings*
Nathan I. Reiter III
**THE JOHNSON FIRM**
610 President Clinton Ave., Suite 300
Little Rock, AR 72201
T: (501) 372-1300
chris@yourattorney.com
nathan@yourattorney.com

*Additional Plaintiffs' Counsel*
*\*Admission Pending*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| IN RE: WRIGHT & FILIPPIS, LLC DATA SECURITY BREACH LITIGATION | Case No.: 2:22-cv-12908-SFC |
|  | Hon. Sean F. Cox |
|  | **CLASS ACTION** |

**BRIEF IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u>**

## STATEMENT OF ISSUES PRESENTED

1.     Should the Court grant final certification of the Settlement Class pursuant to the Federal Rules of Civil Procedure Rule 23(a) and (b)(3)?

**Plaintiffs Answer: Yes**

2.     Should the court finally appoint Plaintiffs Chiquita Braggs, Scott Hamilton, Diane Huff, Shawn Kolka, and Craig Mejia as Class Representatives because they have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs Answer: Yes**

3.     Should the Court finally appoint The Miller Law Firm, P.C. as Chair of Settlement Class Counsel and Migliaccio & Rathod LLP, Shub & Johns LLP, and Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel, finding that these firms have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs Answer: Yes**

4.     Should the Court find that the Notice met the requirements of Fed. R. Civ. P. 23(c)(2)(B)?

**Plaintiffs Answer: Yes**

5.      Should the Court find that the proposed class action settlement is fair,

reasonable, adequate and, accordingly, grant final approval to it pursuant to Fed. R.

Civ. P. 23(e)(2)?

        **Plaintiffs Answer: Yes**

**CONTROLLING AND MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
      417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
      218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
      581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
      2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
      497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
      720 F.2d 909 (6th Cir. 1983)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
      Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   SUMMARY OF LITIGATION.............................................................3

III.  THE SETTLEMENT TERMS...............................................................5

IV.   THE NOTICE PLAN COMPORTS WITH DUE PROCESS.........................6

V.    THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE
      23 AND SHOULD BE CERTIFIED .............................................10
      A. Rule 23(a) Requirements Are Met for Purposes of Settlement .............10
      B. Rule 23(b) Requirements Are Met for Purposes of Settlement.............13
          1.   Common Questions of Law and Fact Predominate .....................14
          2.   A Class Action is the Superior Method of Adjudication.............15

VI.   THE SETTLEMENT SHOULD BE FINALLY APPROVED .....................16
      A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval .....................17
      B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval ...18
          1.   There is No Risk of Fraud or Collusion (*UAW* Factor 1).............18
          2.   Litigation Through Trial Would be Complex, Costly, and Long
               (*UAW* Factor 2) ........................................................................18
          3.   Discovery Has Advanced Far Enough to Allow the Parties to
               Resolve the Case Responsibly (*UAW* Factor 3) .......................20
          4.   Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4)
               ....................................................................................................20
          5.   Class Counsel and Class Representatives Support the Settlement
               (*UAW* Factor 5) ........................................................................21
          6.   The Reaction of Absent Class Members is Uniformly Positive
               (*UAW* Factor 6) ........................................................................21
          7.   The Settlement Serves the Public Interest (*UAW* Factor 7) .........23

VII.  CHAIR OF SETTLEMENT CLASS COUNSEL AND SETTLEMENT
      CLASS COUNSEL SHOULD RECEIVE FINAL APPOINTMENT ..........24

VIII. CONCLUSION................................................................................25

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997)....................................................................... 13, 14

*Beattie v. CenturyTel, Inc.*,
511 F.3d 554 (6th Cir. 2007) ........................................................ 10, 13

*Bittinger v. Tecumseh Prods. Co.*,
123 F.3d 877 (6th Cir. 1997) .............................................................11

*Calloway v. Caraco Pharm. Labs., Ltd.*,
287 F.R.D. 402 (E.D. Mich. 2012) .....................................................14

*Curry v. SBC Commc'ns, Inc.*,
250 F.R.D 301 (E.D. Mich. 2008) .......................................................9

*Dick v. Sprint Commc'ns Co. L.P.*,
297 F.R.D. 283 (W.D. Ky. 2014) .........................................................6

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)..................................................................... 6, 24

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008)...............................................................7

*Garner Properties & Mgmt., LLC v. City of Inkster*,
333 F.R.D. 614 (E.D. Mich. 2020) .....................................................11

*George v. Acad. Mortg. Corp.*,
369 F. Supp. 3d 1356 (N.D. Ga. 2019)................................................21

*Hall v. Bank of Am., N.A.*,
2014 WL 7184039 (S.D. Fla. Dec. 17, 2014).......................................22

*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*,
2013 WL 692856 (E.D. Mich. Feb. 26, 2013).......................................15

*Hanlon v. Chrysler*,
150 F.3d 1011 (9th Cir. 1998) ..................................................... 21, 22

*Hughes v. Microsoft Corp.*,
2001 WL 34089697 (W.D. Wash. Mar. 26, 2001)................................22

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ............................................... 20, 23

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..............................................................23

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
2009 WL 5184352 (W.D. Ky. Dec. 22, 2009) .......................................7

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013) .............................................................14

*IUE-CWA v. Gen. Motors Corp.*,
   238 F.R.D. 583 (E.D. Mich. 2006) ........................................................23

*Kinder v. Nw. Bank*,
   278 F.R.D. 176 (W.D. Mich. 2011) ......................................................10

*Leonhardt v. ArvinMeritor, Inc.*,
   581 F. Supp. 2d 818 (E.D. Mich. 2008) ........................................ 15, 17

*Machesney v. Lar-Bev of Howell, Inc.*,
   317 F.R.D. 47 (E.D. Mich. 2016) ........................................................13

*Massiah v. MetroPlus Health Plan, Inc.*,
   2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ....................................21

*Merenda v. VHS of Michigan, Inc.*,
   296 F.R.D. 528 (E.D. Mich. 2013) ......................................................12

*Olden v. Gardner*,
   294 F. App'x 210 (6th Cir. 2008) ........................................................21

*Powers v. Hamilton Cty. Pub. Def. Comm'n*,
   501 F.3d 592 (6th Cir. 2007) ...............................................................13

*Rosado v. eBay, Inc.*,
   2016 WL 3401987 (N.D. Cal. June 21, 2016) ....................................23

*Ryder v. Wells Fargo Bank, N.A.*,
   2022 WL 223570 (S.D. Ohio Jan. 25, 2022) ......................................22

*Sheick v. Auto. Component Carrier, LLC*,
   2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ...................................17

*Sprague v. General Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ...............................................................11

*UAW v. Gen. Motors Corp.*,
   2006 WL 891151 (E.D. Mich. Mar. 31, 2006) .................................6, 17

*UAW v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ........................................................ passim

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) .........................................................................10

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983) ...............................................................15

*Yaeger v. Subaru of Am., Inc.*,
   2016 WL 4541861 (D.N.J. Aug. 31, 2016) ........................................22

**<u>Other Authorities</u>**

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and
    Plain Language Guide (2010) .................................................................................7

**<u>Rules</u>**

Fed. R. Civ. P. 23(a)(2) ...........................................................................................10
Fed. R. Civ. P. 23(a)(3) ...........................................................................................10
Fed. R. Civ. P. 23(a)(4) ...........................................................................................11
Fed. R. Civ. P. 23(b) ................................................................................................12
Fed. R. Civ. P. 23(b)(3) ...........................................................................................12
Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................6
Fed. R. Civ. P. 23(e) ................................................................................................15
Fed. R. Civ. P. 23(e)(2) ...........................................................................................15
Fed. R. Civ. P. 23(g)(1)(B) ......................................................................................24

## I.   INTRODUCTION

On January 4, 2024, this Court preliminarily approved a $2.9 million non-reversionary common fund Settlement[1] between Plaintiffs Chiquita Braggs, Scott Hamilton, Diane Huff, Shawn Kolka, and Craig Mejia ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Wright & Filippis, LLC ("W&F"). Order Granting Preliminary Approval, ECF No. 43. Epiq Class Action & Claims Solutions has implemented the Court-approved Notice Plan and direct notice has reached approximately 85.1% of the Settlement Class. *See* **Exhibit B,** Declaration of Cameron R. Azari in Support of Implementation and Adequacy of Notice Plan and Notices, ¶ 7. The reaction from the Settlement Class has been overwhelmingly positive, which is not surprising given the strengths of the Settlement. Specifically, of the 670,763 Class Members who received direct notice (in addition to those who received notice by publication, *id.*, ¶¶ 7, 17), none have submitted a formal objection and only 11 have requested exclusion. *Id.*, ¶ 23.

Should the Court grant final approval, based on the number of claims submitted to date, 12,339 Settlement Class Members will each receive a Cash Payment of approximately $80-100, and 2,258 Settlement Class Members will receive credit monitoring and insurance for three years. The Settlement is an

---

[1] The Settlement Agreement ("S.A.") and its exhibits are included as Ex. 1 to **Exhibit A** hereto, the Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Miller Decl.").

excellent result for the Class, and the Court should grant final approval.

This case arises from a data security incident (the "Data Incident") experienced by W&F that took place on or about January 26-28, 2022 involving the potential unauthorized access of Personally Identifiable Information ("PII") of approximately 787,766 individuals. Miller Decl., ¶ 8; Azari Decl. ¶ 11.[2] Shortly after public disclosure of the breach, eight putative class actions were filed against W&F, which were later consolidated into this Action.[3] Collaborating, Plaintiffs' Counsel filed the operative Consolidated Class Action Complaint ("CAC") on February 24, 2023. *See* ECF No. 13. Following briefing on W&F's motion to dismiss the CAC (ECF Nos. 25, 29), the Parties agreed to mediate the case. To this end, the Parties engaged in informal discovery, exchanging voluminous documents and other information, and set a mediation for August 9, 2023 with highly qualified mediator Judge Wayne Anderson (ret.) of JAMS. Miller Decl. ¶¶ 11-16. After a contested, full-day mediation and rounds of follow-up communications, the Parties were able to resolve the case and now ask the Court to finally approve the Settlement. *Id*., ¶¶ 16-17. As detailed below, the Settlement is an excellent result: it creates a $2,900,000 non-reversionary Settlement Fund for the entire Rule 23 Class, which

---

[2] Initially, it was estimated that 877,584 individuals were impacted (S.A., at *Recitals*, p.1); upon review of the data file provided by Defendant, Epiq determined that the Settlement Class consists of 787,766 unique, identified Settlement Class Members. Azari Decl. ¶ 11.

[3] *See* ECF No. 40-2, PageID.2324-25 (citing ECF Nos. 8, 9).

will be used as the exclusive source of payment for costs of Administration and Notice, for any Service Award and Fee Award, and for settlement relief distributed to Class Members. S.A., § 3.1.

## II. SUMMARY OF LITIGATION

**The Data Incident.** Plaintiffs allege that on or about May 2, 2022, W&F observed that its computer network and the sensitive PII of Plaintiffs and the Settlement Class had been subjected to a cybersecurity attack from January 26-28, 2022. CAC, ¶ 6. An unauthorized user was able to access the PII of individuals numbering in the hundreds of thousands, including W&F patients, customers, current and former employees, and job applicants. *Id.*, ¶¶ 1, 50, 51. The information allegedly compromised in the Data Incident included, but was not limited to, Class Members' Social Security numbers ("SSNs"), names, dates of birth ("DOBs"), driver's license numbers, financial account numbers, and health insurance information. *Id.*, ¶¶ 50-51.

**Plaintiffs' Allegations.** Plaintiffs allege that their PII was compromised due to W&F's negligent acts and omissions and its failure to protect the sensitive personal data of Settlement Class Members (or, "Class Members"). CAC, ¶¶ 63, 88, 246. Plaintiffs also contend that W&F unreasonably delayed notifying them after becoming aware of the breach, and that they and Class Members have suffered injury as a result of W&F's conduct. *Id.*, ¶¶ 7, 56, 144, 303; ECF No. 40, PageID.2296.

3

**The Litigation History and Settlement Discussions.** Plaintiff Braggs initiated this action against W&F by filing a class action Complaint on November 30, 2022. ECF No. 1. Additional related cases were filed and later consolidated following a joint motion by the plaintiffs. *See* ECF No. 40-2, PageID.2324-25 (citing ECF Nos. 8, 9). A master Consolidated Complaint was then filed (ECF No. 13), followed by briefing on W&F's motion to dismiss (ECF Nos. 25, 29). Throughout the course of the litigation, the Parties discussed the possibility of exploring an early resolution via mediation. Miller Decl. ¶ 10. The Parties agreed to mediate the case with Judge Wayne Andersen (ret.). *Id.*, ¶ 11. Prior to the mediation, Plaintiffs served W&F with written questions seeking information relevant to the Data Incident and W&F served its own requests as to each Plaintiff. *Id.*, ¶ 13. The parties were unable to reach a resolution during the August 9, 2023 mediation—however, on August 14, 2023, the Parties agreed to a settlement through a mediator's proposal. *Id.*, ¶ 17. Plaintiffs moved for preliminary approval of the class action settlement on October 13, 2023. ECF No. 40. The Court issued preliminary approval of the settlement on January 4, 2024. ECF No. 43. Notice has been given to the Class pursuant to the Court's order and Plaintiffs now seek final approval of the Settlement.

## III.   THE SETTLEMENT TERMS

**Class Definition.** The Settlement will provide substantial relief for the Settlement Class (or, "Class"), defined as follows:

> [A]ll natural persons whose Private Information was compromised
> in the Data Breach, including all individuals who were sent Notice
> of Data Privacy Incident on or around November 18, 2022.

S.A., § 1.43. The Class consists of 787,766 individuals. Azari Decl. ¶ 11.

**Settlement Fund.** W&F has agreed to create a non-reversionary Settlement Fund in the amount of $2,900,000, which will be used to pay the claims of Class Members, the costs of Claims Administration, and for any Service Awards and Fees Award. S.A., § 3.1. Class Members may make a claim for one of these three options: (1) *Documented Loss Payment:* out-of-pocket losses up to $5,000 per person, with validated supporting documentation; or (2) *Credit Monitoring and Insurance Services ("CMIS"):* three years of CMIS, which will provide, at a minimum, three credit bureau monitoring services and $1 million in identity theft insurance; or (3) *Cash Fund Payment:* a pro rata Settlement Payment. *Id*., § 3.2(a)-(c). Any residual funds shall be used to make an equal payment to all Settlement Class Members who elected a Cash Fund Payment. *See* S.A., § 3.9 for full conditions.

In addition to the benefits described above, W&F has adopted measures to enhance its data security. *Id*., § 2.1.(1)-(4). These changes will benefit Class Members whose information remains in W&F's possession by providing enhanced protection of Class Members' PII from unauthorized access.

**Release.** Upon entry of the Final Approval Order, Plaintiffs and Settlement Class Members will be deemed to have released all claims against W&F related to

the Data Incident. *See id*., § 4.1; *see also id.*, § 1.36 for full release claim language.

**Notice and Administration Expenses.** The cost of sending Notice, and other Administration expenses, has been and will be paid from the Settlement Fund.

**Service Awards and Fee Award.** W&F has agreed that each Plaintiff may petition the Court for a $1,500 Service Award, as appropriate compensation for their time, effort, and leadership serving as class representatives on behalf of the Settlement Class, from the Settlement Fund. *Id.*, § 8.1. W&F has also agreed that Class Counsel may petition the Court for their reasonable attorneys' fees, as detailed in Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards. § 9.1; ECF No. 45.

## IV. THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, Due Process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated . . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information regarding the settlement, including the nature of

the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007).

Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publications notice reached 81.8% of the class). The Notice Plan here meets this standard, as it provided direct notice to 85.1% of the Settlement Class. Azari Decl., ¶¶ 7, 16.

This Court approved the proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 43. The Notice Plan has now been fully carried out by Claims Administrator Epiq. Pursuant to the Settlement, on January 3, 2024, W&F provided Epiq with a class list with 801,474 records for identified Settlement Class Members, including Social Security Numbers, dates of birth, names. and last

known mailing addresses. Azari Decl., ¶ 11. Additional research identified the best possible associated physical address for Settlement Class Members. *Id.* Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database, resulting in 787,766 unique, identified Settlement Class Member records (of these records, 1,887 records did not contain valid mailing addresses and were not sent notice). *Id.*

On February 8, 2024, Epiq sent 785,879 Postcard Notices to all identified Settlement Class Members with an associated physical address via USPS first-class mail, and, for those that were returned as undeliverable, the Postcard Notices were promptly re-mailed to any new address available through USPS information and by using a third-party lookup service. *Id.*, ¶ 12. Epiq has re-mailed 37,671 Postcard Notices. *Id.*, ¶ 14. Altogether, as of May 14, 2024, Epiq successfully delivered Court-Approved direct notice to 85.1% of the Settlement Class. *Id.*, ¶ 16.[4]

The Postcard Notice clearly and concisely summarized the litigation here, the Settlement, and the legal rights of Settlement Class Members. The Postcard Notice also directed Settlement Class Members to the Settlement Website, where they are able to submit a change of address, access important court filings, and review updated deadlines and answers to frequently asked questions. As of May 14, 2024 there have been 44,377 unique visitor sessions to the Settlement website. *Id.*, ¶ 20.

---

[4] Epiq notified the appropriate state and federal officials pursuant to CAFA. *Id.*, ¶ 8.

In addition to sending direct notice, Epiq also implemented banner notice advertising on selected advertising networks, chosen based on cost efficiency, timing, and contribution to the overall reach of the target audience. Combined, approximately 11 million adult impressions were generated by the banner notices, which ran from February 15, 2024 through March 15, 2024. *Id*., ¶¶ 17-18.

Epiq also established a toll-free telephone number, which allows callers to hear an introductory message and have the option to learn more about the Settlement in the form of recorded answers to FAQs, and to request that a Claim Package (Long Form Notice and Claim Form) be mailed to them. As of May 14, 2024, Epiq mailed 3,316 Long Form Notices and/or Claim Forms as a result of such requests. *Id*., ¶ 15.

As a result of this comprehensive notice program, as of May 14, 2024, Epiq, has received 14,647 claim forms, with Class Members having had until May 8, 2024 to submit a claim. *Id*., ¶ 25. Class Members had until April 8, 2024 to opt-out of or object to the Settlement. *Id*., ¶ 23. As of May 14, 2024, 11 class members have requested to opt-out and none have objected to the Settlement. *Id*. Given the broad reach of the Notice, and the comprehensive information provided, the requirements of Due Process and Rule 23 are met.

Moreover, of the 14,647 claim forms received as of May 14, 2024 (which is six days following the final day in the Claims Period), 2,258 are for CMIS, 169 are for Documented Loss Payments, and the remaining 12,339 seek a pro rata Cash Fund

Payment. Azari Decl., ¶ 25. The cost of providing CMIS to the people who claimed that option will be $67,740 total. *Id.* A total of 169 claims have been submitted for Documented Loss Payments totaling $229,228.40 in claimed losses.[5] *Id.* As such, approximately $1,008,881.60 will remain from the Net Settlement Fund to be distributed to the 12,339 individuals who filed a claim for a Cash Payment, meaning that each of those Settlement Class Members stand to receive approximately $81.76 if the Settlement receives final approval.[6] Miller Decl., ¶ 33.

## V. THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED

### A. Rule 23(a) Requirements Are Met for Settlement Purposes

***Numerosity and Ascertainability.*** The first prerequisite is that the "class is so numerous that joinder of all members is impracticable." Rule 23(a)(1). "In most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008). The Settlement Class includes roughly 787,766 individuals, *see supra*, satisfying the numerosity requirement for purposes of settlement. The Class is also ascertainable, as W&F knows the identity of each of

---

[5] Although Epiq's review of these Documented Loss claims continue, to date, Epiq has not been able to substantiate any of these claims so far. *Id.*

[6] The amount remaining, the "Post CM/DL Net Settlement Fund" contains the assumption that the full $229,228.40 in submitted Documented Loss claims will be validated. If, as is likely, certain of the Documented Loss claims are not substantiated, then the Cash Payment amount would increase. If, e.g., all remaining claims were deemed to be invalid, those who elected the Cash Payment would each receive an additional $19 each, or approximately $100.34. Miller Decl., ¶ 33.

these Class Members. *See Kinder v. Nw. Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011) (class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member").

***Commonality.*** Rule 23(a)(2) is satisfied when questions of law or fact are common to the class, the resolution of which will bring a class-wide resolution. Fed. R. Civ. P. 23(a)(2). It may be indicated when the claims all "depend upon a common contention," with a single common question sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The common contention must be capable of class-wide resolution and the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Here, Plaintiffs' claims turn on the adequacy of W&F's data security measures. Evidence to resolve that claim does not vary among Class Members, and so can be fairly resolved, for purposes of settlement, for the entire Class at once.

***Typicality.*** A class representative's claims must be typical of those of other class members. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy the typicality requirement where their "claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Typicality assesses "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly

attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The claims need not be identical; rather, they need only "arise from the same course of conduct." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). The "court must inquire whether the interests of the named plaintiff are aligned with those of the represented group, such that in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'" *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 623 (E.D. Mich. 2020). Plaintiffs allege that each Settlement Class Member had their PII compromised as a result of the Data Incident, and were thus impacted by the same allegedly inadequate data security that Plaintiffs allege harmed the rest of the Class. Thus, Plaintiffs' pursuit of their own claims necessarily advances the interests of the Class, satisfying the typicality requirement.

*Adequacy.* Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through qualified counsel . . . which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *UAW*, 497 F.3d at 626. The preliminarily-approved Representatives have no conflict, have participated actively, and are represented by attorneys experienced in class actions, including data breach cases. Class Counsel regularly engage in

consumer privacy cases, have the resources necessary to prosecute this case, and have frequently been appointed lead class counsel in data breach cases and other class actions. *See* Miller Decl. ¶ 32 (citing ECF No. 40-2, PageID.2331-37). Class Counsel have devoted substantial resources to this action: investigating Plaintiffs' claims; obtaining and analyzing Plaintiffs' detailed personal records; analyzing the scope of the Data Incident and W&F's privacy policies, remedial steps, and financial condition; participating in mediation; and, ultimately, negotiating a Settlement that provides meaningful relief for the Class in the face of substantial litigation risks. Miller Decl. ¶ 26. Class Counsel have vigorously prosecuted this case and will work diligently on behalf of the Class throughout the administration process.

### B. Rule 23(b) Requirements Are Met for Purposes of Settlement

After satisfying Rule 23(a), a plaintiff must also satisfy one of the three requirements of Rule 23(b) for a court to certify a class. Fed. R. Civ. P. 23(b); *Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013). Plaintiffs seek certification under Rule 23(b)(3), which requires that (i) common questions of law and fact predominate over individualized ones, and that (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "A plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to

individualized proof." *Beattie*, 511 F.3d at 564. This requirement considers "the difficulties likely to be encountered in the management of a class action" and issues with individual litigation. *Id.*; *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]"). The proposed Class satisfies the above.

### 1. Common Questions of Law and Fact Predominate

Predominance focuses on whether the defendant's alleged liability is common enough to warrant class-wide adjudication. *Amchem*, 521 U.S. at 623. The proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Id.* Though similar to the commonality requirement of Rule 23(a), Rule 23(b)(3) "contains the more stringent requirement that common issues predominate over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D. Mich. 2016). Predominance is met if a single factual or legal question is "at the heart of the litigation." *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Data breach cases present questions of law and fact central to liability that predominate over any individual issues. W&F's alleged course of conduct was uniform across the Class, so the claims "will prevail or fail in unison." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 859 (6th Cir. 2013). Since class-wide determination of this issue will be the same for all,

predominance is satisfied.

### 2.  A Class Action Is the Superior Method of Adjudication

Certification of this suit as a class action is superior to other methods to fairly, adequately, and efficiently resolve the claims here. "The superiority requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Labs., Ltd*., 287 F.R.D. 402, 407-08 (E.D. Mich. 2012). Such is especially true in situations which "vindicat[e] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Adjudicating individual actions here is impracticable: the amount in dispute per person is too small given the complexity of the issues, and costs for document review, technical issues, and experts. Individual damages are insufficient to allow such actions—at least not with the aid of adequate counsel. Such prosecution would delay resolution, and may lead to inconsistent rulings.[7] Thus, the Court should certify the Class pursuant to Rule 23(b)(3). W&F does not oppose class certification for settlement purposes only.

### VI. THE SETTLEMENT SHOULD BE FINALLY APPROVED

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at

---

[7] The Court need not consider trial manageability. *Amchem*, 521 U.S. at 620 ("with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

*1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives;

(6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631. As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

## A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval

The Settlement easily satisfies the Rule 23(e)(2) factors. First, as explained, Plaintiffs and Class Counsel have adequately represented the Class and secured an excellent result. *See supra* § I. Second, the Settlement was negotiated at arm's-length through a mediation session with highly qualified and renowned mediator, the Honorable Wayne Andersen (ret.), taking place after which the Parties had exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *Id*. Third, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The Settlement provides a substantial recovery for the Settlement Class and does so without additional delay and the uncertainty of litigation. *Id*., § III. Fourth, all Settlement Class Members are treated equally. Each Settlement Class Member has the opportunity to make a claim for one of the following: (1) documented loss payment; (2) CMIS; or (3) cash payment. *Id*. Accordingly, all Settlement Class Members are treated equitably and have the same opportunity to participate in the Settlement.

## B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval.

### 1. There Is No Risk of Fraud or Collusion (UAW Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy."). Here, the Settlement was obtained via a mediator's proposal following a mediation that was conducted at arm's-length after informal discovery. Miller Decl. ¶¶ 13, 14, 24. This factor strongly supports approval.

### 2. Litigation Through Trial Would be Complex, Costly, and Long (*UAW* Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception. As discussed above, the Parties have engaged in informal discovery, and a private mediation. Miller Decl., ¶¶ 11-17. The next steps in the litigation would include oral

arguments on the previously briefed motion to dismiss, and contested motions for class certification and summary judgment, which would be at a minimum costly and time-consuming for the Parties and the Court. *Id.*, ¶¶ 21-23. Undoubtedly, further litigation would create numerous risks that a litigation class could not be certified and/or that the Settlement Class would not recover anything at all. *Id.* ¶ 22. W&F indicated that it would continue to assert numerous defenses on the merits. *Id.* ¶ 21. Class Counsel also believes that W&F would oppose class certification vigorously, and that W&F would prepare a competent defense at trial. *Id.* ¶ 22. Looking beyond trial, W&F could appeal the merits of any adverse decision, including any class certification under Rule 23(f). *Id.* ¶ 23.

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result has been accomplished years earlier than if the case proceeded to judgment through trial and/or appeal(s), and provides certainty whereas litigation does not and could result in defeat for the Class on a motion to dismiss, on class certification, at summary judgment, at trial, or on appeal. Consequently, this *UAW* factor plainly weighs in favor of final approval of the Settlement.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* Factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have

contained the same information produced in formal discovery related to the issues of class certification and summary judgment; and thus, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Miller Decl., ¶¶ 13, 14. Class Counsel's experiences in similar matters, as well as the efforts made by counsel on both sides, confirm that they are sufficiently well apprised of the facts of this action and their respective cases in order to make an intelligent analysis of the Settlement.

### 4. Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. As noted, a motion to dismiss and a response brief have been filed here. ECF Nos. 25, 29. W&F would vigorously argue this motion through its reply and oral argument, contest class certification, and move for summary judgment on various issues if the litigation were to continue. There would be a risk of maintaining class status through trial. At the time of Settlement, the Court had not yet certified a class, and the Parties anticipate that such a determination would only be reached after lengthy discovery and exhaustive class certification briefing—likely years down the line. Miller Decl., ¶ 22.

Even if the Court did certify a Rule 23 class, W&F would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. *Id.* Risk, expense, and delay permeate such a

process. In Class Counsel's experience, these additional steps in litigation can take years to resolve. *Id.* The proposed Settlement eliminates this risk, expense, and delay and awards Class Members payment promptly. This factor favors final approval.

### 5. Class Counsel and Class Representatives Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *18. Here, both Class Counsel and Plaintiffs support the Settlement. *See* Miller Decl., ¶¶ 24, 33. They do so, because, as explained, this Settlement is an excellent result for Class Members in light of defenses likely to be raised by W&F. This *UAW* factor therefore also favors final approval.

### 6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class settlements, a small number of opt-outs and objections "are to be expected" and do not impact a settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, only eleven (11) Class Members have requested exclusion, and no Class Member

has filed a formal objection.[8] Azari Decl., ¶ 23. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."). It is also noteworthy that none of the attorneys general and other governmental officials who received notification of the settlement pursuant to the Class Action Fairness Act have filed objections. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019) ("Not one CAFA notice recipient objected to the settlement, which also weighs in favor of its approval here.") (citing *Hall v. Bank of Am., N.A.*, 2014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014)).

Moreover, given the vast size of the Class here, the fact that only eleven Class

---

[8] One Settlement Class Member sent numerous rounds of correspondence to Class Counsel and Claims Administrator Epiq raising largely irrelevant issues—asserting beliefs related to the scope of the Breach, but not necessarily taking issue with the Settlement and, in fact, submitted a claim. Class Counsel and Epiq do not consider this a proper objection in any sense. Miller Decl. ¶¶ 30-31; Azari Decl. ¶ 23. Given that this individual has not provided this information to the Court for public filing, and in the interest of maintaining privacy for this individual, this correspondence is not attached as an exhibit hereto. Miller Decl. ¶ 31. Should the Court desire to see this correspondence, Class Counsel will submit to Chambers for in-camera review. *Id.* Ultimately, this individual raises no substantive issue that would provide a basis to withhold final approval of the Settlement. Miller Decl. ¶ 30.

Members have requested exclusion is an indication of the settlement's fairness. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 600 (E.D. Mich. 2006) (collecting cases). *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."). The settlement should be approved, notwithstanding any concerns unrelated to the Settlement.[9]

### 7.  The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is the "public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530. Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen*, 417 U.S. at 161. Society undoubtedly has a strong

---

[9] With respect to any desire for a better Settlement than that achieved here, courts have repeatedly rejected arguments that the settlement recovery should have been "more" or "better." *See Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *10 (W.D. Wash. Mar. 26, 2001) ("Because '[s]ettlement is the offspring of compromise' the appropriate inquiry for a court reviewing a settlement pursuant to Rule 23(e) is 'not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.'") (quoting *Hanlon*, 150 F.3d at 1027).

interest in incentivizing attorneys to bring complex litigation that is necessary to protect the privacy of individuals' most personal information. In fact, class action litigation in this area is the most realistic means of obtaining recovery on behalf of the entire Class. This factor therefore supports final approval.

## VII. CHAIR OF SETTLEMENT CLASS COUNSEL AND SETTLEMENT CLASS COUNSEL SHOULD RECEIVE FINAL APPOINTMENT

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interest of the class." Rule 23(g)(1)(B). In making this determination, courts generally consider the following factors: (1) proposed class counsel's work in identifying or investigating potential claims; (2) proposed counsel's experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) proposed class counsel's knowledge of the applicable law; and (4) proposed counsel's resources committed to representing the class. Rule 23(g)(1)(A)(i-iv). *See supra* § IV(A); *see also* 4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.)

As affirmed in this Court's Preliminary Approval Order, The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman, PLLC, Shub & Johns LLP, and Migliaccio & Rathod LLP have extensive experience in prosecuting data breach class actions and other complex class actions. Miller Decl., ¶ 27 (citing ECF No. 40-2, PageID.2331-37). Settlement Class Counsel and Settlement Class Counsel have diligently investigated and prosecuted this case by dedicating substantial resources

to it and successfully negotiating this Settlement. *See* S.A. generally; CAC. Thus, the Court should finally appoint The Miller Law Firm, P.C. as Chair of Settlement Class Counsel, and Milberg Coleman Bryson Phillips Grossman, PLLC, Shub & Johns LLP, and Migliaccio & Rathod LLP as Settlement Class Counsel.

## VIII. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.[10]

May 16, 2024                          Respectfully Submitted

**THE MILLER LAW FIRM, P.C.**
By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
950 West University Drive
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

***Chair of Settlement Class Counsel***

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H. Street NE, Ste. 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com

---

[10] Attached hereto are copies of the proposed Final Approval Order (**Exhibit C**) and the proposed Final Judgment (**Exhibit D**).

jrathod@classlawdc.com

Benjamin F. Johns
**SHUB & JOHNS LLP**
Four Tower Bridge
200 Barr Harbor Drive, Ste. 400
Conshohocken, PA 19428
Tel: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 429-2290
gklinger@milberg.com

*Settlement Class Counsel*

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, PC**
One Towne Square, Suite 900
Southfield, MI 48076
T: (248) 355-0300
kstoops@sommerspc.com

**LYNCH CARPENTER LLP**
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 253-6307
gary@lcllp.com

Adam G. Taub (P48703)
**ADAM TAUB ASSOC.**
**CONSUMER LAW GROUP**
17200 W. Ten Mile Road, Suite 200
Southfield, MI 48075
T: (248) 746-3790
adamgtaub@clgplc.net

**MASON LLP**
Gary E. Mason
Danielle Lynn Perry
5101 Wisconsin Avenue NW, Ste 305
Washington, DC 20016
T: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

Edmund S. Aronowitz (P81474)
**ARONOWITZ LAW FIRM PLLC**
220 S. Main St, Suite 305
Royal Oak, MI 48067
T: (248) 716-5421
edmund@aronowitzlawfirm.com

**WILSHIRE LAW FIRM PLC**
Thiago Coelho

27

Jonas P. Mann
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
T: (213) 381-9988
thiago@wilshirelawfirm.com
jmann@wilshirelawfirm.com

Caleb Marker (MI Bar No. P70963)
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
T: (877) 500-8780
caleb.marker@zimmreed.com

Brian C. Gudmundson*
Jason P. Johnston*
Michael J. Laird*
Rachel K. Tack*
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
T: (612) 341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Christopher D. Jennings*
Nathan I. Reiter III
**THE JOHNSON FIRM**
610 President Clinton Ave., Suite 300
Little Rock, AR 72201
T: (501) 372-1300
chris@yourattorney.com
nathan@yourattorney.com

*Additional Plaintiffs' Counsel*
*\*Admission Pending*

28

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 16, 2024, I electronically filed the foregoing

documents using the Court's electronic filing system, which will notify all counsel

of record authorized to receive such filings.

By: <u>*/s/ E. Powell Miller*      </u>
E. Powell Miller (P39487)
epm@millerlawpc.com
950 West University Drive
Rochester, MI 48307
Telephone: (248) 841-2200